

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 5, 1965

Honorable J. M. Falkner
Commissioner
Department of Banking
John H. Reagan Building
Austin, Texas

Opinion No. C- 413

Re: Whether a nonprofit
corporation charging
a membership fee as
a requisite to par-
ticipate in a sub-
sequent contract for
prepaid funeral mer-
chandise can operate
under Article 548b,
Sec. 5.

Dear Mr. Falkner:

You have requested an opinion from this office on the above captioned question.

The questioned enterprise is described by your letter as follows:

"A nonprofit corporation desires to sell to persons certain prepaid funeral merchandise including caskets, vaults, etc. In order to exclude certain undesirable persons from membership in the nonprofit corporation, and also to help defray advertising and selling costs, a person could apply for, and if acceptable, would be afforded membership in the nonprofit corporation, upon the payment of a membership fee to be set by a board of directors of the corporation. Once a person has been accepted as a member, upon payment of the membership fee and acceptable as being a desirable person for membership, that member would be entitled and eligible to purchase from the corporation at substantially less than current market prices, a casket, vault, marker and other funeral merchandise to be delivered to the member at time of his death or need."

Your letter further outlines the following questions.

"1. Under Article 548b, Section 5(1), V.C.S., can a nonprofit corporation offering prepaid funeral benefits charge a membership fee as a requisite to be eligible and entitled to participate in a subsequent contract for prepaid funeral benefits? . . .

"2. Under Article 548b, Section 1-a, V.C.S., could a nonprofit corporation operate as in the question above?

"3. In view of the provisions of Article 548b, Section 5(1), V.C.S., and particularly the last full sentence thereof, should the membership fee be limited to an amount not to exceed the total of funds permitted to be retained under this subsection?"

In construing a statute, the aim and object is to ascertain and enforce the legislative intent and not to defeat, nullify or thwart it. 53 Tex.Jur.2d 181, Statutes, Sec. 125.

Section 5(1) of Article 548b, Vernon's Civil Statutes, reads as follows:

Sec. 5. . . .

"(1) The funeral home (or other entity collecting said funds) may retain as its own money, for the purpose of covering its selling expenses, servicing costs, and general overhead, an amount not to exceed one-half of all funds so collected or paid until it has received for its use and benefit an amount not to exceed ten percent of the total amount agreed to be paid by the purchaser of such prepaid funeral benefits as such total amount is reflected in the contract. No charges or assessments, . . . shall be collected from the purchaser other than those included in the total amount of said contract."

It is our opinion that the legislature intended that any charge of assessment which is to be used for the purpose of covering expenses, costs and overhead must be included in the total amount of the contract for prepaid funeral merchandise. Art. 548b, Sec. 5(1), V.C.S.

The membership fee in this case is to be used to defray expenses and costs but is not to be included in the subsequent contract for prepaid funeral merchandise.

We, thus, conclude in answering your first question that the association in question is prohibited from charging a membership fee as a requisite to purchase a subsequent contract for prepaid funeral merchandise unless such fee is included in the total amount of the contract for prepaid funeral merchandise.

It becomes apparent, under the facts as presented in your letter, that this conclusion would nullify the necessity for answering the latter two questions unless the membership fee is included in the total amount of the contract. Thus we have decided to assume, for the purpose of answering these questions, that the membership fee will be included in the total amount of the contract.

Sec. 1a of Article 548b, Vernon's Civil Statutes, as originally written excluded non-profit organizations from the coverage of the Act. This was repealed by Acts 58th Leg., 1963, Chapter 496, page 1304 and the present section was added in lieu thereof. The legislature, by this change, obviously intended to allow non-profit corporations to operate under this Act. Art. 548b, Sec. 1a, V.C.S.

Thus, in answer to your second question, it is our opinion that a non-profit corporation legally chartered under Article 1396, Sec. 1.01, et seq, Vernon's Civil Statutes (Texas Non-Profit Corporation Act) can operate under Article 548b, Sec. 1a, Vernon's Civil Statutes.

In answer to your third question, we refer you to Sec. 5(1) of Article 548b, Vernon's Civil Statutes, which allows the association to retain as its own money, for the purpose of defraying expenses, costs and overhead, an amount not to exceed one-half of all funds until it has received ten percent of the total amount of the contract. We have concluded that so long as the membership fee is included in the total amount of the contract, there is no limit on its size. However, it must be included in the contract and upon such compliance, the association may then retain one-half as paid not to exceed the ten percent as permitted by the Statute. Art. 548b, Sec. 5(1), V.C.S.

Thus, it is our opinion that under Sec. 5(1) of Article 548b, there is no limit on the size of the membership fee but the fee as a separate item cannot be retained as it must be included in the total amount of the contract.

## S U M M A R Y

1. Under Sec. 5(1) of Article 548b, Vernon's Civil Statutes, a non-profit corporation is prohibited from charging a membership fee unless such fee is included in the total amount of the contract for prepaid funeral merchandise.

2. Assuming the membership fee will be included in the total amount of the contract, a non-profit corporation legally chartered under the Texas Non-Profit Corporation Act can charge a membership fee under Sec. 1a of Article 548b.

3. Assuming the membership fee will be included in the total amount of the contract, under Sec. 5(1) of Article 548b, Vernon's Civil Statutes, there is no limit on the size of the fee, but the non-profit corporation may not retain the fee as a separate item to defray expenses, costs and overhead.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

CARLOS F. VELA
Assistant Attorney General

CFV:nh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joe R. Long
Paul Phy
Gordon Houser
Harold Kennedy

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone